PERRY and another, as Trustees, etc., v. CO-OPERATIVE FOUNDRY Co.
and others.

(*Circuit Court, N. D. New York.* 1882.)

PATENTS FOR INVENTIONS—INVENTION—WHAT IS NOT.
> Where the relation between the parts is the same in the arrangements between the patented article and another article in prior use, and the only difference is one of degree as to quantity, or one of convenience as to the character of the device to be used, it does not involve an invention.

BLATCHFORD, C. J.    This suit is brought on two patents: (1) reissued letters patent No. 9,247, granted to John S. Perry and Grange Sard, Jr., trustees, June 8, 1880, for an "improvement in stoves," the original patent, No. 54,938, having been granted to George R. Moore, as inventor, May 22, 1866, and having been reissued as No. 6,732, November 9, 1875; (2) reissued letters patent No. 9,252, granted to John S. Perry and Grange Sard, Jr., trustees, June 15, 1880, for an "improvement in stoves," the original patent, No. 89,304, having been granted to Calvin Fulton, as inventor, April 27, 1869, and having been reissued as No. 5,907, June 9, 1874.

1. As to the Moore patent, the claims alleged to have been infringed are claims 1 and 4, which are as follows: "(1) The combination, with the grate or fire bed of a stove, of a downwardly-contracted fire pot, the two being so arranged relatively to each other as to leave an opening between them, substantially as and for the purpose set forth." "(4) The combination in a stove of a downwardly-contracted fire pot and a dumping grate, the two being arranged relatively to each other so as to leave an opening between them, substantially as and for the purpose set forth."    These claims, in view of what existed before, show no patentable invention.    An anti-clinker opening between a dumping grate and the bottom of the fire pot above it, with the grate larger in area than such bottom, existed before.    Downwardly-contracted fire pots existed before.    There was no invention in combining an old downwardly-contracted fire pot with an old anti-clinker opening and dumping grate.    The whole idea is in the anti-clinker opening.    No new or different effect in the combination which results in such opening exists when the fire pot above is contracted downwardly, from that which exists when the fire pot above is cylindrical.

2. As to the Fulton patent, the only claim insisted on at the hearing as having been infringed is claim 1, which is as follows: "A

stove grate, so constructed and arranged relatively to the fire chamber or fuel receptacle as to leave between the two and around the edge of the grate a free, open-space end, to permit of the removal of clinkers and other refuse through such space by use of the ordinary poker or slicer, substantially as described." An anti-clinker opening between a dished grate and a fire pot existed before, and also a flat grate. All that the patentee did was to substitute a flat grate for a dished grate in the arrangement. The relation between the grate and the bottom of the fire pot, so as to leave the space between the two and the space around the edge of the grate, is the same in the two arrangements. The only difference is one of degree as to the quantity of refuse which the rotation of the grate or the use of the poker will discharge, or one of convenience as to the character of the poker which will be used, and does not involve invention.

The bill is dismissed, with costs.